UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MATTHEW HOEFT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:16-CV-494 JCH |
|  | ) |  |
| GEORGE LOMBARDI, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

During the time relevant to the complaint, plaintiff was confined in the Eastern Reception Diagnostic and Correctional Center. Defendants are George Lombardi, Director of the Missouri Department of Corrections; Matthew Downs, Corrections Officer; Travis Wapler (or Wampler), Corrections Officer; and Renee Neel, Sergeant.

Plaintiff alleges that defendants Downs, Wapler, and Neel "just ran in [his] room and began to assault [him]" because his cell window was covered. They put him on a security bench, and plaintiff says Neel tried to push his head onto his lap. He claims he "was denied medical attention also."

**Discussion**

When the Court ordered plaintiff to submit an amended complaint, it specifically instructed him how to state a claim for relief. It directed him to state in separate paragraphs how each defendant individually violated his rights. And it ordered him to state in which capacity he intended to sue each defendant. It also informed plaintiff that if he failed to follow the Court's instructions, that the case would be dismissed without further notice.

Plaintiff did not follow the Court's directions. As a result, the complaint does not state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

the Constitution."); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (State officials are immune from suit in their official capacities).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 3rd day of October, 2016.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).